YEE & KAWASHIMA LLLP

JARED N. KAWASHIMA     6289
CHRISTIN D. W. KAWADA  10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii 96813
Phone: (808) 524-4501
Facsimile: (888) 524-0407
Email: jared@yklawhawaii.com
        christin@yklawhawaii.com

Attorneys for Plaintiffs
HOTEL INDUSTRY – ILWU PENSION PLAN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOTEL INDUSTRY – ILWU PENSION PLAN,      ) | CIVIL NO. _____ |
| Plaintiffs,      ) | COMPLAINT; SUMMONS |
| vs.      ) | |
| KAUAI ISLAND TOURS, a Hawaii Corporation, JOHN DOES 1-10; JANE DOES 1-10; DOE COMPANIES 1-10; DOE PARTNERSHIPS 1-10; DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10,      ) | |
| Defendants.      ) | |

COMPLAINT

COMES NOW Plaintiff above named by and through its attorney, Yee & Kawashima, LLLP, and for Complaint against the Defendant above named allege and aver as follows:

1.      Plaintiffs are the Trustees of the HOTEL INDUSTRY – ILWU PENSION PLAN (hereinafter referred to as "Trust Fund").

2.      This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears.  Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f).

3.      At all times relevant herein, each of the above-named Trust Fund was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Kauai, State of Hawaii.  At all times herein mentioned, each of the above-named Trust Fund was, and now is, an express trust created by a written trust agreement subject to and pursuant to the Labor-Management Relations Act and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4.     At all times relevant herein, Defendant KAUAI ISLAND TOURS (the "Company"), was a Hawaii domestic profit Corporation doing business in the City and County of Kauai, State of Hawaii.

5.     Defendants John Does 1-10, Doe Partnerships 1-10, Doe Companies 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Trust Fund except that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representative, co-venturers, associates of the named Defendants and/or were in some matter presently unknown to the Trust Fund engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to the Trust Fund. Trust Fund have made a diligent effort to ascertain the true names, identities, capacities, activities and/or responsibilities of said unidentified Defendants but have been unable to do so to date. Trust Fund pray for leave to insert herein Defendants' true names, identities, capacities, activities and/or responsibilities when the same are ascertained.  Trust Fund have made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations  1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to causing the injuries or

damages to the Trust Fund, and to identify their roles with respect to same.

6.     Company, agreed to abide by all terms and conditions of the [insert title of CBA] (collectively the "Agreement").

7.     Company withdrew from the Trust Fund.

8.     Trust Fund calculated the withdrawal liability assessable to Company based on complete withdrawal from Trust Fund at $229,442.00.

9.     Plaintiff sent letters to Defendant, notifying it that Defendant was subject to withdrawal liability in the additional sum of $229,442.00.  The letter provided an amortization schedule compromised of quarterly payments of $985.00 for 20 years.  The first quarterly payments was due no later than 60 days after March 30, 2020.

10.     Defendant refused to pay but did not dispute the sum.  Defendant failed to demand arbitration of the withdrawal liability assessment.

WHEREFORE, Trust Fund pray as follows:

(1)     For judgment against Company for outstanding withdrawal liability payment and other sums in an amount to be proven at trial, together with additional damages as may be shown at trial, accrued interest through the date of judgment, attorneys fees and costs; and

(2)     Such other relief as the Court deems just and equitable.

DATED:  Honolulu, Hawaii, August 25, 2020.


_____/s/ Jared N. Kawashima_____
JARED N. KAWASHIMA
CHRISTIN D. W. KAWADA
Attorney for Plaintiffs